IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Leonard Ryan Vargus,
    Appellant,

v.

United States of America,
    Appellee.

Crim. No. 97-10134(NG)

Civ. No. 00-12591(NG)

**BRIEF IN SUPPORT OF
APPELLANT'S APPLICATION FOR
CERTIFICATE OF APPEALABILITY**

**I.   PRO-SE STATEMENT:**

    Appellant presents this filing Pro-Se and requests this Honorable Court for liberal considerations in judging the format, claims, case law application and legal references presented herein. Haines v. Kerner, 404 U.S. 591 (1972). Appellant is not an attorney, does not have any professional legal training and must rely solely upon his own limited ability in the preparation and filing of this action. Appellant respectfully requests that this Court infer case law known to it in considering the reasons for issuing the certificate.

    In making application, Appellant relies on all pleadings in the Court.

**II.  JURISDICTION:**

    This action was brought before the district court for habeas corpus relief under 28 U.S.C. § 2255. Federal Rules of Appellate Procedure, Rule 22, provides in part that:

DOCKETED 15

> "Application for the Original Writ -- An application for a writ of habeas corpus shall be made to the appropriate district court. If application is made to the district court, and denied, renewal of the application before a circuit judge shall not be permitted. The applicant may, pursuant to section 2253 of Title 28, United States Code, appeal to the appropriate court of appeals from the order denying the writ."

Rule 22 permits an appeal to the appropriate court of appeals from an order denying an application for habeas relief made pursuant to 28 U.S.C. § 2253(c), which provides in relevant part:

> "Unless a circuit justice or judge issues a certificate of appealability, appeal may not be taken to the court of appeals from the final order in a proceeding under section 2255.
>
> "A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> "The certificate of appealability shall indicate which specific issue of issues satisfy the showing required."

28 U.S.C. § 2253(c)(1)(B), (2) and (3).

Local Appellate Rule 22.1(a) directs an applicant to make application first with the district court if a certificate of appealability has neither been granted nor denied by the district court. This Court has nor neither granted nor denied a certificate, and therefore retains jurisdiction to issue the certificate.

### III. STANDARD FOR ISSUANCE:

The standard for issuance which Appellant will use in this application is the one described in Barefoot v. Estelle, 463 U.S. 880, 992-93 n.4 (1993) and Slack v. McDaniel, 529 U.S. 473 (2000), requiring Appellant to make a substantial showing of the

denial of a constitutional right by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable of wrong; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further.

### IV. **PROCEDURAL HISTORY**:

On February 8, 1999, Appellant pled guilty to violations of 21 U.S.C. § 846 and 18 U.S.C. § 1956(h), pursuant to F.R.Cr.P., Rule 11(e)(1)(C). Appellant was sentenced on December 17, 1999, to a 151-month sentence of imprisonment, pursuant to the applicable provisions of the Sentencing Guidelines. No appeal was taken.

On or about December 11, 2000, Appellant filed a "bare-bones" motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 along with a motion for extension of time to file a supporting memorandum, motion for transcripts, and declaration in support of request to proceed in forma pauperis. On January 12, 2001, the Court ordered the government to answer the § 2255 motion. The government opposed the motion on February 8, 2001.

Subsequent to the Court's January 12 order, Appellant sought a time extension because his motion for transcripts and earlier time extension motion had not been ruled on. Subsequent to the government's opposition, Appellant sought disposition on both the transcript and time extension motions. Appellant was unable to file a brief supporting his bare-bones § 2255 motion because he was without the benefit of the transcripts requested

in his motion./<u>1</u>

Following the denial of his § 2255 motion, on June 23, 2001, Appellant timely filed Notice of Appeal. By order of the First Circuit Court of Appeals, dated July 16, 2001, Appellant was directed to make application for a certificate of appealability with this Court. Timely application is hereby made.

**V. <u>REASONS WHY THE CERTIFICATE SHOULD ISSUE:</u>**

 **A. <u>COUNSEL'S REPRESENTATION OF LEONARD RYAN VARGUS WAS CONSTITUTIONALLY INEFFECTIVE AT SENTENCING DENYING VARGUS HIS FIFTH AND SIXTH AMENDMENT RIGHTS</u>**

  **1. <u>Standard</u>:**

The Sixth Amendment guarantees, "In all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. The mere presence of counsel alongside the accused at trial is not enough to satisfy the Sixth Amendment. <u>Strickland v. Washington</u>, 466 U.S. 668, 685 (1984). Counsel, whether retained of appointed, must play the role of an active advocate. <u>Id</u>. The right to counsel means the right to the effective assistance of counsel. <u>Id</u>. at 686. The right to the effective assistance of counsel applies to all critical stages of the proceedings against the defendant, or whenever his substantial rights may be affected. <u>Mempa v. Rhay</u>, 389 U.S. 128 (1967).

---

/<u>1</u> Apparently, the Court did not rule on the transcript and extension motions because the motions were not docketed. Appellant placed these motions in the same package with the § 2255 motion. Only the § 2255 motion was docketed. In of January, 2001, the Clerk was unable to locate the motions.

Strickland sets out the two-pronged standard for testing the effectiveness of counsel's performance.  A court must find 1) that counsel's conduct was objectively unreasonable under then-prevailing norms; and 2) that there exists "reasonable probability that, but for counsel's errors, the result of the proceedings would have been different."  Strickland, 466 U.S. at 688, 694.

### 2. Counsel's Performance Was Ineffective:

On collateral review, Appellant argued that counsel erroneously advised him to withhold facts from the Court during his allocution speech at sentencing.  Counsel's error deprived Appellant his right to full allocution, which in turn deprived the Court of important evidence it could have relied upon to legally impose a more lenient sentence.  The Court rejected the claim on the basis that it "was bound to impose the sentence that the parties bargained for," pursuant to the Rule 11(e)(1)(C) plea agreement.  Memorandum and Order at 3.  The Court also believed it would have had to reject the plea had Appellant informed the Court of the facts not presented at allocution and decided to depart.  Id.  The Court concluded that the "sentencing range of 151 to 188 months was unavoidable under the Guidelines."  Id. at 3, 4.  Notwithstanding counsel's ineffective performance, this assessment is inconsistent with the authority inherently possessed by the Court at the time of sentencing to downward depart.

Although a plea agreement made under Rule 11(e)(1)(C) would effectively waive a defendant's right to request a

downward departure, there is authority supporting a sentencing court's ability to depart sua sponte under such conditions. See United States v. Ekhator, 17 F.3d 53 (2nd Cir. 1994) (court has authority to grant departure sua sponte even though defendant entered agreement agreeing not to move for downward departure) (citing United States v. Braimah, 3 F.3d 609, 612 (2nd Cir. 1993)). Such authority even under a conditional plea is consistent with a criminal defendant's absolute right of allocution. See United States v. Behrens, 375 U.S. 162, 165 (1963). The right of allocution is so important a right that failure to afford a defendant an opportunity to exercise it would require vacation of the sentence without a concomitant inquiry into prejudice. See United States v. De Alba Pagan, 33 F.3d 125, 130 (1st Cir. 1994) (collecting cases). However, a defendant must not only be afforded the right to mitigate the sentence, the court must also under the proper circumstances be able to actually mitigate the sentence. Anything less would be to nullify the right. The entire rite of allocution as well would be a mere illusory act. While this right still exists in our jurisprudence, a defendant, no matter how situated, must have an opportunity to effectively have his sentence mitigated. Therefore, under a conditional plea, a court must be able to sua sponte exercise authority to depart given the right set of facts and circumstances under the Guidelines.

Under his agreement, Appellant could not specifically request a downward departure. But he could have, absent counsel's erroneous advice to the contrary, presented the Court with

information, which the Court could have considered to sua sponte downward depart from the guideline range. Departures are warranted when extraordinary circumstances are present to such a kind or degree so as to remove the case from the "heartland" of guideline cases. Koon v. United States, 518 U.S. 81 (1996). Koon, which was the law at the time of Appellant's sentence, essentially freed court's to consider factors or combinations of factors not considered by the Guidelines where court's were generally divided on the issue before Koon. The Koon decision was incorporated into the Guidelines on November 1, 1998. See U.S.S.G. § 5K2.0 (Nov. 1, 1998). Appellant submits that he could have presented the Court facts, which, taken collectively, would have presented an extraordinary circumstance to a kind or degree warranting departure. See Appellant's Affidavit In Support of this Application, attached hereto as "Exhibit 1." The facts were not presented to the Court because of counsel's erroneous advice not to present those facts. See 18 U.S.C. § 3661 (no limitation shall be placed on the information concerning background, character of defendant for consideration by court for purpose of imposing appropriate sentence). Counsel was simply ill-advised of the law relevant to Appellant's case at the time of sentencing, which all deprived Appellant his right to mitigate his sentence without limitation.

## VI. CONCLUSION:

Appellant has satisfied the standards required by law for the issuance of a Certificate of Appealability. The Court should also consider GRANTING an evidentiary hearing as to the

facts briefly outlined in the attached supporting affidavit for the benefit of developing the record as to Appellant's constitutional claim.  Because Appellant has made a substantial showing of the denial of a constitutional right by demonstrating that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further, the Certificate should issue.

Respectfully submitted,

*/s/ Leonard Ryan Vargus*
Leonard Ryan Vargus, Pro-Se
21791-038
FCI Schuylkill
P.O. Box 759
Minersville, Pa. 17954

### CERTIFICATE OF SERVICE

I, Leonard Ryan Vargus, hereby certify that I have fulfilled the requirements of service by placing a true and correct copy of the foregoing Application for Certificate of Appealability and Supporting Brief and Affidavit in the U.S. Mails, postage pre-paid, addressed to:

Office of United States Attorney
1 Courthouse Way
Boston, Massachusetts 02210

Dated: *August 15, 2001*

*/s/ Leonard Ryan Vargus*
Leonard Ryan Vargus