IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Leonard Ryan Vargus,
    Appellant,

v.

United States of America,
    Appellee.

Crim. No. 97-10134(NG)

Civ. No. 00-12591(NG)

## A F F I D A V I T

I, Leonard Ryan Vargus, under penalty of perjury, hereby attest that the following is true and correct.

1. I am the Appellant in the above-captioned action.

2. Prior to my sentencing in the above action, my attorney, Timothy O'COnnell, C-3 Shipway Place, Charlestown, Massachusetts 02129, advised my not to present certian facts to the court in mitigation of my sentence.

3. The facts I would have presented to the court would have briefly included the following:

- That I grew up from childhood in a crime-laden community and was exposed to criminal activity my entire life.

- That I grew up in a dysfunctional household primarily due to my father being an alcoholoc. My father in fact died from alcohol abuse when I was an adolecent. My family suffered many hardships, such as eviction from out apartment, as a result of this situation.

DOCKETED

16

- That at age 19, I was severly wounded by gunfire, and was pronounced dead on the scene. After being brought back to life, I was bedridden in the hospital for about 3 months. I spent the first several weeks in a coma.
- That as a result of the shooting, I suffered all the symptoms of Post-Traumatic Stress Disorder ("PTSD") (i.e., sweats, flashbacks, depression, weight loss, etc.). I was unable to work as a result of my medical condition.
- That I became dependent upon presciption pain killers after the shooting. After a while, the pain killers produced no effect, which led me to use more potent street drugs. That eventually led me into a drug lifestyle, the result of which was the charges I am currently serving a federal sentence for.
- That while I was in state custody, I was charged and arraigned federally in the above action. My initial attorney, Mr. Ed Boyer, Esquire, advised me to return to state custody because all the time subsequent to arraignment would ultimately be credited towards my federal sentence. However, only the few days I spent in federal custody while being arraigned was actually credited. My returning to state custody on advise of counsel foreclosed me from receiving up to 90 days credit

on my federal sentence (from September to December 1997).

- That on December 17, 1999, in the District of Massachusetts, in Boston, a criminal defendant with the last name of Couteau received a downward departure on the basis of him having the condition referred to earlier as PTSD.

4. All these facts I would have presented to the court at my sentencing in mitigation of my sentence.

Dated: *August 15, 2001*

Leoanrd Ryan Vargus